IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK STEVEN TOMEY, *et al.* | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. L-09-390 |
| | * | |
| BALTIMORE COUNTY, *et al.* | * | |
| | * | |
| Defendant. | * | |

**************

**MEMORANDUM**

This is a *pro se* civil rights case filed by Mark and Carmen Tomey ("Mark" and "Carmen").[1] Now pending are: (i) Defendants Andrew Goeb and the Baltimore County Department of Social Services' ("DSS") Joint Motion to Dismiss, (ii) Defendants Rebecca Daniels and the Baltimore County Government's Joint Motion to Dismiss, and (iii) Plaintiffs' motions for injunctive relief. Because the issues are adequately addressed in the briefs, no hearing is necessary. See Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court will, by separate order, (i) GRANT Goeb and DSS's Motion to Dismiss (Docket No. 10), (ii) GRANT in part and DENY in part Daniels and the Baltimore County Government's Motion to Dismiss (Docket No. 13), and (iii) DENY Plaintiffs' motions for injunctive relief (Docket Nos. 21 and 26). The Court will also GRANT Plaintiffs leave to amend the Complaint in order to name certain Baltimore County Police Officers as additional defendants within 30 days.

---

[1] The Court hereby GRANTS Plaintiffs' request to add Carmen Nora Tomey as a plaintiff (Docket No. 17) and DENIES Defendants' Motion to Strike Plaintiffs' Amendment to the Civil Action (Docket No. 19). The Court also GRANTS Plaintiffs' Motion to Amend the Complaint. (Docket No. 11).

1

I.     **FACTUAL BACKGROUND**

The following summarizes the Court's understanding of the allegations contained in Plaintiff's handwritten Complaint. In April 2004, Margaret Tomey ("Margaret"), Mark's mother, removed her late husband's name from a deed of raw land and added Mark's name. Two months later, she added his name to an additional piece of property. She also signed her power of attorney to Mark, sold him a piece of John Deere equipment for $1.00, and took out a loan to "help Mark and Carmen." Contemporaneously to these events, Margaret was diagnosed with early onset Alzheimer's disease.

In early 2006, DSS visited the Tomey household and Andrew Goeb, a DSS caseworker, began "harassing Mark."[2] In February 2006, DSS filed a petition for guardianship on behalf of Margaret in the Circuit Court for Baltimore County. During the guardianship hearing, Goeb testified to "all types of non-germane information . . . to build up [the] guardianship case." At the conclusion of the hearing, the court appointed Nora Tomey, Margaret's daughter, as guardian of Margaret's person and appointed Jerry Lamdin as guardian of her property.

On February 18, 2006, Goeb, accompanied by the police, arrived at the Tomey home and informed Carmen that they were taking Margaret for an examination. When Carmen objected to them entering the house to retrieve Margaret's effects, Goeb instructed the police to grab her. Goeb, along with Rebecca Daniels and the police, then entered the home. Afterwards, according to the Complaint, Carmen was "dragged away in handcuffs," and taken to the Cockeysville, MD police station, where she was chained to a wall for eight hours and denied a phone call.

---

[2] In a possibly related action, Rebecca Daniels, a code enforcer for the Baltimore County government, issued a Code Citation to Margaret on January 18, 2006.

## II. STANDARDS OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965.  The court must, however, "accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff."  GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001).

## III. ANALYSIS

### A. Defendants' Motions to Dismiss

Read in the light most favorable to Plaintiffs, the Complaint asserts the following claims: (i) that Defendants conspired to gain control of Margaret and her property, (ii) that Defendants slandered Mark and Carmen, and (iii) that Defendants violated Carmen's civil rights.  In their motions, Defendants argue that each of Plaintiffs' claims should be dismissed.  Having considered the Complaint, in addition to each side's briefs, the Court will dismiss all but Carmen Tomey's civil rights claim against Goeb.  The Court will also grant Carmen leave to amend the Complaint and name the Baltimore County Police Department as an additional defendant.

#### 1. Claim that Defendants Conspired to Gain Control of Margaret and her Property

This claim is dismissed as to all Defendants.  Under Rule 12 of the Federal Rules of Civil Procedure, a complaint may be dismissed "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss under Rule 12(b)(6), a complaint "must describe the claim in sufficient detail to give the defendant "fair notice of

3

what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).  Here, the Complaint fails to articulate a claim with respect to Margaret.  It provides neither a specific legal cause of action nor adequate facts upon which the Court could construe one.  Accordingly, any claim concerning Margaret must be dismissed.

### 2.  Claim that Defendants Slandered and Libeled Mark and Carmen

This claim is dismissed as to all Defendants.  In the Complaint, Mark and Carmen allege that Defendants "slandered and libeled" them.  Under Maryland law, a defamation plaintiff must prove: (i) that the defendant made a defamatory communication, i.e., that he communicated a statement tending to expose the plaintiff to public scorn, hatred, contempt, or ridicule to a third person who reasonably recognized the statement as being defamatory, (ii) that the statement was false, (iii) that the defendant was at fault in communicating the statement, and (iv) that the plaintiff suffered harm.  See Bouie v. Rugged Wearhouse, Inc., 2007 U.S. Dist. LEXIS 8089, at *3 (D. Md. Jan. 31, 2007) (citing Shapiro v. Massengill, 661 A.2d 202, 216-17 (1995)).

In this case, Plaintiffs have failed to present a prima facie case of defamation.  First, the Complaint fails to identify any defamatory communications.  While it does allege that Goeb testified regarding "non-germane information" at the guardianship hearing, it does not allege that the testimony was defamatory.  Similarly, the Complaint does not dispute the truthfulness of the testimony, does not allege that Goeb—or any other Defendant—was at fault in communicating a statement, and does not state that Plaintiffs suffered harm as a result of the alleged defamation.  As a result, both Mark and Carmen's slander and libel claims must be dismissed.[3]

---

[3] Although the parties did not raise the issue in their briefs, Goeb's testimony is likely privileged.

### 3. **Claims that Defendants Violated Carmen's Civil Rights**

The Complaint's final claim is that Defendants violated Carmen Tomey's civil rights. Specifically, it alleges that: (i) Goeb instructed the police to grab Carmen, and (ii) she was "dragged away in handcuffs," taken to the Cockeysville, MD police station, and chained to a wall for eight hours. Given those factual allegations, the Complaint sufficiently states a claim upon which relief may be granted.

This claim is best construed as one for excessive force under § 1983. In order to successfully bring a § 1983 claim where officers allegedly "used excessive force . . . in the course of a 'seizure' of a free citizen," a plaintiff must demonstrate that "the force used to effect a particular seizure" was unreasonable. See Graham v. Connor, 490 U.S. 386, 396 (1989). In determining reasonableness, a Court should examine, among other things, "whether the suspect poses an immediate threat to the safety of . . . others, and whether [she] is actively resisting arrest or attempting to evade arrest by flight." Id. Furthermore, "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." Id. at 397.

Here, the Complaint alleges facts which, if proven through discovery, could support an excessive force claim. While Plaintiffs did not plead a cause of action against individual Baltimore County Police Officers, the facts in the Complaint suggest that the officers who forcibly seized Carmen and chained her to the police station wall may be liable under an excess force theory. Consequently, the Court partially denies Baltimore County's Motion to Dismiss and grants Plaintiffs leave to amend the Complaint in order to name those officers as additional defendants. If they wish to amend their complaint, Plaintiffs must do so within 30 days.

### B. Plaintiffs' Motions for Injunctive Relief

The Tomeys have filed two separate requests for injunctive relief. In order to obtain a preliminary injunction, plaintiffs must establish: (i) that they are likely to succeed on the merits, (ii) that they are likely to suffer irreparable harm in the absence of preliminary relief, (iii) that the balance of equities tips in their favor, and (iv) that an injunction is in the public interest. See The Real Truth About Obama, Inc v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc. (129 S.Ct. 365, 374-76 (2008)). In this case, the Tomeys are unable to demonstrate that they are likely to succeed on the merits or that they are likely to suffer irreparable harm in the absence of preliminary relief. Indeed, the sole claim remaining in the case—the alleged seizure and mistreatment of Carmen—concerns a past occurrence, which is unlikely to reoccur in the future. Accordingly, the Court denies the motions for injunctive relief.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate order: (i) GRANT in part and DENY in part Goeb and DSS's Motion to Dismiss (Docket No. 10), (ii) GRANT Daniels and the Baltimore County Government's Motion to Dismiss (Docket No. 13), and (iii) DENY Plaintiffs' motions for injunctive relief (Docket Nos. 21 and 26). The Court will also GRANT Plaintiffs leave to amend the Complaint in order to name the Baltimore County Police Department as an additional defendant within 30 days.

Dated this 8th day of March, 2010.

                                                                        /s/
                                                   Benson Everett Legg
                                                   U.S. District Judge